T.C. Memo. 1999-203


UNITED STATES TAX COURT


REGINA B. JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11251-98.                  Filed June 21, 1999.

Regina B. Jackson, pro se.

<u>Roger W. Bracken</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined deficiencies of
$8,964 and $11,970 in petitioner's Federal income taxes for 1993
and 1994, respectively, and additions to tax for each year under
sections 6651(a) and 6654(a).  After concessions, the issues for
decision are whether petitioner must include in taxable income
Maryland State income tax refunds received in 1993; whether
petitioner is entitled to additional deductions for charitable
contributions, employee travel expenses, education expenses, and

job search expenses; and whether petitioner is liable for the additions to tax determined by respondent. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Gaithersburg, Maryland, at the time that she filed her petition.

During 1993 and 1994, petitioner was employed as a program analyst by the Department of the Air Force. In 1994, petitioner received a master's degree in general administration. During 1994, petitioner took educational courses related to her attainment of the master's degree. She received wage income of $48,147.38 in 1993 and $59,010.41 in 1994. She received interest income of $179 in 1993 and $554 in 1994 from various financial institutions. During 1993, petitioner received Maryland State income tax refunds of $636 for 1990 and $1,156 for 1991, a total of $1,792.

On the returns she prepared for 1993 and 1994, petitioner claimed, among other things, the following items as deductions:

| Item | 1993 | 1994 |
|------|------|------|
| Mortgage interest | $9,628 | $5,861 |
| Real estate taxes | 2,182 | 2,175 |
| State and local income taxes | 2,905 | 3,657 |
| Charitable contributions by cash | 5,106 | 5,800 |
| Other than cash | 500 | 2,300 |
| Travel expenses | 1,365 | -- |
| Education | -- | 2,500 |
| Job search | -- | 3,202 |

During the years in issue, petitioner incurred the following expenses, which respondent has conceded are deductible on Schedule A of her returns:

| Item | 1993 | 1994 |
|------|------|------|
| Mortgage interest | $8,518 | $5,861 |
| Real estate taxes | 2,182 | 2,174 |
| State and local income taxes | 2,905 | 3,657 |
| Charitable contributions | -- | 2,425 |

In addition, during 1993 and 1994, petitioner made cash contributions to her church.

Petitioner requested an extension of time to August 15, 1994, for filing her 1993 tax return. Her 1993 return was not mailed before September 10, 1994. Petitioner did not send her 1993 or 1994 tax returns to the Internal Revenue Service (IRS) by certified or registered mail and did not obtain any other proof of mailing. Because the IRS could not locate any returns filed by petitioner, an IRS auditor requested and received returns for these years, which were signed and dated by petitioner November 4, 1998.

Respondent determined that petitioner had failed to file timely returns for the years in issue, that petitioner had income based on reports by payers, and that petitioner was entitled to the standard deduction for each year.

OPINION

Petitioner bears the burden of proving that respondent's determinations are erroneous. See Rule 142(a). With the exception noted below, however, she has failed to present evidence from which we can conclude that she is entitled to exclude any income or deduct any expenses beyond the amounts previously conceded by respondent. Her testimony was vague and inconclusive. Notwithstanding the Court's specific suggestion that the parties stipulate to additional documents after trial, the only additional information submitted by petitioner led to respondent's conceding that petitioner contributed $1,300 to the Combined Federal Campaign in 1994.

Petitioner essentially asks us to accept the amounts claimed on her returns in the categories of those items remaining in dispute. Those returns, however, are not proof of the amounts reported on the returns. Moreover, the stipulation specifically contradicts the correctness of some of the items claimed by petitioner. She acknowledges:

> Wherein the petitioner provided respondent proof of
> itemized deductions contained in the stipulation of

facts filed in the court, the respondent contended that
other issues remained unsubstantiated by petitioner.
Petitioner agreed with respondent's dispute that the
remaining issues were not provided to respondent.  They
were not available at the time.  Petitioner provided
testimony under oath before the court on the remaining
issues in an effort to substantiate her itemized
deductions.

Petitioner's testimony, however, failed to establish that the
State income tax refunds that she received in 1993 were not
includable in her taxable income or that she incurred deductible
expenses in the amounts that she claimed.  With respect to the
State tax refunds, she presented no evidence that the amounts
deducted were not previously claimed as itemized deductions
consistent with her pattern for the years in issue.  She
presented no evidence of actual payments of educational expenses
or job search expenses.  It appears that the educational expenses
at least in part led to her master's degree and are not
deductible even if paid.  Certain travel expenses that she
claimed apparently were eligible for reimbursement by her
employer.  Petitioner has provided us with no basis for allowing
any deductions in these categories.

With respect to her contributions to a church, she testified
that she attended a church "maybe every other Sunday, sometimes
during the winter maybe once a month or every other month or so"
and:

> I just drop in the basket maybe somewhere between $5 and $10 -- five and ten dollars -- and as far as tithes, I don't faithfully put in 10 percent tithes every pay period, I do put in 10 percent tithes. I can't attest to how frequently I do it -- maybe every month, every other pay period or so.

This testimony, however, does not justify the amounts that petitioner claimed. Respondent acknowledges that the testimony would support a deduction of $260 per year for contributions to the church. We agree, and petitioner is entitled to a contribution deduction of $260 in 1993. For 1994, petitioner is entitled to a contribution deduction of $2,685 consisting of $260 contributed to the church, $1,300 contributed to the Combined Federal Campaign, and $1,125 in other contributions reflected in canceled checks that have been stipulated. Petitioner presented no evidence of noncash contributions and cannot be allowed any further deductions.

Petitioner contends that she mailed her returns for 1993 and 1994 on September 10, 1994, and August 10, 1995, respectively. She states that she "can only speculate that her returns were improperly credited under a previous name, mis-filed, or lost by the IRS." In her posttrial memorandum, petitioner asserts for the first time that the statute of limitations bars the notice for 1993 and that, therefore, all issues for that year are "moot". Her statute of limitations claim is not timely. See

Rule 39. In any event, we are not persuaded that petitioner's returns were filed as she asserts.

Petitioner's testimony provided neither details nor corroboration that she mailed her returns on the dates that she claims to have mailed them. Her speculation as to possible misfiling or loss by the IRS does not identify any alternative name that she has ever used or any reason to believe that returns for 2 consecutive years, filed 11 months apart, would have been misplaced. Petitioner presented no reliable evidence that she secured an extension of time to file her 1994 return or that she had reasonable cause for belated filing of either return. Even by petitioner's account, her returns were late.

Because petitioner's returns were not timely even if mailed on the dates that she claims to have signed them, section 7502(a), which treats timely mailing as timely filing, has no application to this case. See Maxon v. Commissioner, T.C. Memo. 1994-494. For purposes of the statute of limitations under section 6501(a) or to avoid additions to tax under section 6651(a), returns are filed only when they are actually received by the IRS. See Walden v. Commissioner, 90 T.C. 947, 951-952 (1988); Boone v. Commissioner, T.C. Memo. 1997-102; Diego Investors-IV v. Commissioner, T.C. Memo. 1989-630; see also Belser v. Commissioner, 174 F.2d 386, 390-391 (4th Cir. 1949),

affg. 10 T.C. 1031 (1948).  So far as the record reflects, returns were not received by the IRS prior to November 1998, after the notice of deficiency was sent and the petition in this case was filed.  The additions to tax under section 6651(a) must be sustained.  The additions to tax under section 6654 are mandatory absent exceptions not here applicable.  See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

To reflect the foregoing,

Decision will be entered

under Rule 155.